IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ABUBAKER A. ALI** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 5:21-cv-00322 |
| **ANGEL SPRING INVESTMENTS, INC D/B/A FIVE PALMS FOOD MART** | § § | |
| **Defendant.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Abubaker A. Ali ("Plaintiff" herein) brings this lawsuit asserting a claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime and retaliation against Defendant Angel Spring Investments, Inc., doing business as Five Palms Food Mart and in support thereof shows as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to properly pay Plaintiff for all hours and overtime hours worked. Plaintiff was not compensated at the rate of time and one-half his regular rate of

pay when he worked over 40 hours per week, as required by law. In addition, after complaining about the failure to properly pay for overtime, Defendant immediately terminated Plaintiff, in violation of the FLSA.

## II.     PARTIES

3. Plaintiff Abubaker A. Ali is an individual who was formerly employed by Defendant within the meaning of the FLSA. He hereby consents to be a party in this action.

4. Defendant Angel Spring Investments, Inc. dba Five Palms Food Mart ("Defendant") is a Texas corporation doing business in San Antonio, Bexar County, Texas and can be served with process through its registered agent: Zulfiqar Ali, at 5719 Five Palms, San Antonio, Texas 78242. A waiver of service has been prepared to send to Defendant prior to service.

## III.     JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV.     COVERAGE

7. At all material times, Defendant has acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA,

29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.    FACTUAL ALLEGATIONS

12. Defendant provides store services and goods for sale at multiple locations in San Antonio, Texas.  It is asserted Defendant does more than $500,000.00 per year in gross revenues and that Defendant, to the extent it denies same, has underreported income and/or has not reported all cash income received.

13. Plaintiff was employed by Defendant as a night cahier and was regularly scheduled to work 40 or more hours in a work week for Defendant. He started working for Defendant in 1999 and was recently terminated on October 12, 2020, after informing Defendant that he intended to file a claim for unpaid overtime.  He had previously asked for and was refused overtime pay.

14. Plaintiff Ali generally worked from 2pm to 1030pm on Monday through Thursday and worked from 2pm to 11pm on Fridays and Saturdays, working 52 to 53 hours per week on average.

15. Plaintiff was paid $11 hourly for all hours worked but not paid overtime for the hours he worked in excess of 40 hours during the week.  Therefore, he is owed $5.50 per hour for all overtime hours worked.  At an average of 12 overtime hours and at a rate of $5.50 owed, he is owed at least $66.00 in unpaid weekly overtime and $3,432.00 annually.

16. Under the FLSA, Plaintiff Ali would be entitled to recovery of an estimated $$3,432.00 in unpaid overtime per year and a like amount of $3,432.00 in liquidated damages for each respective year.  He would be entitled to recovery of at three years of unpaid overtime and liquidated damages.  Estimating a recovery for three years of unpaid overtime to the present, Mr. Ali would be entitled to recovery of an estimated $10,296 in unpaid overtime and $10,296.00 in liquidated damages.

17. It is contended Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI.     CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

18. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

19. Plaintiff further seeks mandatory attorneys' fees as provided under the FLSA. *See Hilton v. Executive Self Storage Assocs., Inc.*, 2009 U.S. Dist. LEXIS 51417, *27 (W.D. Tex. June 18, 2009) ("Fee awards are mandatory for prevailing plaintiffs in FLSA cases.") (29 U.S.C. section 216 (b)).

20. In addition, Plaintiff suffered retaliation in that after complaining about the unpaid overtime, he was wrongfully terminated by Defendant. Section 15(a)(3) of the FLSA states that it is a violation for *any person* to "discharge or in any other manner discriminate against any employee

because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

21. Employees are protected regardless of whether the complaint is made *orally* or *in writing*. Complaints made to the Wage and Hour Division are protected, and courts have ruled that internal complaints to an employer are also protected.

22. As a result of the violation, Plaintiff seeks at least $50,000.00 for lost wage and compensatory damages for mental anguish and emotional distress. He is entitled to at least $30,000.00 in annual lost wages, past and future and damages for mental anguish and emotional distress damages, past and future.

## VII. RELIEF SOUGHT

23. WHEREFORE, cause having been shown, Plaintiff prays for a trial and judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b.    For an Order awarding Plaintiff the costs of this action;

    c.    For an Order awarding Plaintiff attorneys' fees as provided under 29 U.S.C. section 216 (b); and

    d.    For and Order awarding Plaintiff lost wages and compensatory damages, past and future, pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

 /s/ Adam Poncio
**ADAM PONCIO**
State Bar No. 16109800
salaw@msn.com
**ALAN BRAUN**
State Bar No. 2405488
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:(210) 212-7979
Facsimile:(210) 212-5880

**ATTORNEYS FOR PLAINTIFF**